BLACK v. MAITLAND.

(Supreme Court, Appellate Division, Second Department. January 14, 1896.)

APPEAL—FROM JUSTICE'S COURT—MISTAKE.

> A justice whose judgment was appealed from failed to state to appellant the correct amount of the costs included in the judgment, and hence appellant did not pay them all, as required by Code Civ. Proc. § 3047. *Held,* that the authority given appellate courts by section 3049, to permit omissions through mistake or excusable neglect to be supplied on just terms, was properly exercised by allowing appellant to correct the omission.

Appeal from Westchester county court.

Action commenced in justice's court by Truman A. Black against Thomas A. Maitland. A judgment was rendered against the defendant, from which he appealed. From an order of the county court denying plaintiff's motion to dismiss the appeal, and permitting the defendant to supply an omission to pay the costs of the justice's court, plaintiff appeals. Order affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Frederick Willets, for plaintiff.

Murray, Bennett & Ingersoll, for defendant.

BROWN, P. J. This appeal is from an order of the county court of Westchester county, which denied a motion made by the plaintiff to dismiss an appeal taken by the defendant from a judgment rendered by a justice of the peace, made upon the ground that defendant had omitted to pay the costs awarded in the judgment, and which granted leave to defendant to pay such costs. It is provided by section 3047 of the Code of Civil Procedure that at the time of serving a notice of appeal on the justice, the appellant must pay to him the costs included in the judgment. In this case it appears that at the close of the trial the plaintiff's attorney paid to the justice the costs included in the judgment; that defendant immediately served a notice of appeal to the county court, and asked the justice what costs he had to pay in order to take the appeal. The justice answered, "Two dollars," which sum was thereupon paid. Upon learning that this sum did not include all the costs, the defendant's counsel thereafter tendered to the justice and to the plaintiff's attorney a sum equal to the amount of costs awarded in the judgment, neither of whom would, however, accept it. Section 3049 of the Code provides that:

> "Where the appellant, seasonably and in good faith, serves the notice of appeal, upon either the justice or the respondent, but omits through mistake, inadvertence, or excusable neglect, to serve it upon the other, or to do any act necessary to perfect the appeal, the appellate court, upon proof by affidavit of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires."

This provision was first enacted in 1880. Prior thereto there was no power in the courts to relieve a party appealing from a judgment rendered by a justice of the peace in a civil action from any omis-

sion or neglect to do any act necessary to perfect his appeal. Eldridge v. Underhill, 17 Hun, 241; Thomas v. Thomas, 18 Hun, 481. Under the section quoted the court may now, however, upon such terms as are just, permit the appellant to sup; y such omission, and may grant such amendments as are necessary to perfect an appeal already taken. Gutbrecht v. Railroad Co., 28 Hun, 497; Thorn v. Roods, 47 Hun, 433; Mann v. Dennis (Sup.) 3 N. Y. Supp. 95. The cases cited by the appellant have no application to the question here presented.

The order should be affirmed, with $10 costs and disbursements. All concur.